**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-32044** |
| | § | |
| **KATHERINE MARIE HIGGINS,** | § | **CHAPTER 7** |
| **Debtor** | § | |

**MARIE DUNCAN EARTHMAN'S APPLICATION TO RECOVER SANCTIONS**
**AWARDED AGAINST REESE W. BAKER**
**[*This Document Relates to Dkt. Nos. 108; 190*]**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

Marie Duncan Earthman, a creditor and party in interest herein, files this Application to Recover Sanctions Against Reese W. Baker pursuant to Bankruptcy Local Rule 2004-1(g) and the Court's March 27, 2025 Order [Dkt. No. 190] granting Ms. Earthman's November 21, 2024 Motion to Compel Production of Documents from Alice Whiting Pursuant to Rule 2004 Examination Notice and for Sanctions ("Motion to Compel") [Dkt. No. 108] as the Motion to Compel pertained to Mr. Baker only and directing Ms. Earthman to file an application for reasonable fees and expenses incurred in pursuing the Motion to Compel as follows:

2776708

2

| Name of applicant: | Beck Redden LLP; and Barnet B. Skelton Jr., Attorney at Law | |
|---|---|---|
| **Applicant's professional role in case:** | Counsel to creditor and party in interest, Marie Duncan Earthman | |
| **Indicate whether this is an interim or final application:** | Final | |
| **Date Order Granting Motion to Compel Signed:** | 03/27/2025 (Docket No. 190) | |
| | **Beginning of Period** | **Ending of Period** |
| **Total period covered in application:** | 11/21/2024 | 03/27/2025 |
| **Time periods covered by any prior applications:** | N/A | N/A |
| **Total amounts awarded in all prior applications:** | N/A | |
| **Amount of retainer received in the case:** | N/A | |
| **Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied):** | $54,401.35 | |
| **Total fees applied for in this application (including any retainer amounts to be applied):** | $54,401.35 | |
| **Total professional fees requested in this application:** | $54,401.35 | |
| **Total professional hours covered by this application:** | 134.3 | |
| **Average hourly rate for professionals:** | $536.67 | |
| **Total paraprofessional hours covered by this application:** | 0 | |
| **Average hourly rate for paraprofessionals:** | N/A | |
| **Reimbursable expenses sought in this application:** | $1,397.40 | |
| **Application Cost:** | $0 (Counsel is not seeking recovery of fees associated with the preparation of this Application.) | |
| **Total of other payments paid to Secured Claimants:** | N/A | |
| **Total of other payments paid to Administrative Claimants:** | N/A | |
| **Estimated Total for distribution to Priority Unsecured Creditors:** | N/A | |
| **Expected % dividend to be paid to Priority Unsecured Creditors:** | N/A | |
| **Estimated total for distribution to General Unsecured Creditors:** | N/A | |
| **Expected % dividend to be paid to General Unsecured Creditors:** | N/A | |
| **Expected amount to be paid to all pre-petition creditors:** | N/A | |
| **Receipts to date:** | N/A | |
| **Disbursements to date:** | N/A | |
| **Current balance in the Trustee's accounts:** | N/A | |

2776708

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Application under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157.  This proceeding is a core proceeding because it is the type of proceeding that can only arise in the context of a bankruptcy case as it involves a dispute concerning discovery sought pursuant to Federal Rule of Bankruptcy Procedure 2004.  *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999).

2.      The Court's power to issue sanctions for discovery violations under Rule 2004 derives from 11 U.S.C. § 105(a) and Local Rule 2004-1(g), and this Court accordingly also has jurisdiction to determine the amount of attorneys' fees awarded pursuant to its own prior orders. *See Lopez v. Portfolio Recovery Assocs., LLC (In re Lopez)*, 576 B.R. 84, 95 (Bankr. S.D. Tex. 2017) (Rodriguez, J.).   The matter of the Application is not a claim based solely on state law, and *Stern v. Marshall*, 564 U.S. 462 (2011) does not otherwise limit the Court's constitutional authority to enforce its prior order awarding sanctions against Mr. Baker.  *Id.*  This Court therefore possesses constitutional authority to issue a final order awarding fees based on the Application.  *Id.*  (citing *In re Ritchey*, 512 B.R. 847, 857 (Bankr. S.D. Tex. 2014) (determining that the court had constitutional authority to award sanctions to enforce a prior discharge order)).

3.      Venue is proper in this Court under 11 U.S.C. § 1408 because the Debtor's domicile has been located in the Southern District of Texas for the 180 days immediately preceding the Petition Date.

2776708

**BACKGROUND**

4.      Katherine Marie Higgins (the "Debtor") filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code on May 3, 2024 (the "Petition Date").  Dkt. No. 1.  The Debtor filed a motion to convert her case to one under chapter 7 on August 8, 2024 [Dkt. No. 60], which the Court subsequently granted on August 9, 2024.  Dkt. No. 61.

5.      Ms. Earthman filed a Rule 2004 Notice of Examination of Alice Whiting and Subpoena Duces Tecum on October 30, 2024 (the "Notice").  Dkt. No. 97.  Prior to filing the Notice, Ms. Earthman's counsel sent two emails to Mr. Baker's attention asking him to confirm whether he was representing Ms. Whiting to ensure the Notice could be properly served.  Mr. Baker responded to the second communication and confirmed that documents for Ms. Whiting could be forwarded to his attention.  Dkt. No. 187-3.

6.      Mr. Baker agreed to confer with Ms. Whiting as to her availability for the noticed Rule 2004 Examination, and on November 5, 2024, Mr. Baker provided counsel for Ms. Earthman with possible dates of November 19 and 22 to conduct the examination.  Dkt. No. 187-4.  Counsel for Ms. Earthman agreed to conduct the examination on November 22 in an email communication directed to Mr. Baker on November 11.  *Id.*

7.      Pursuant to both the terms of the Notice and Local Rule 2004-1(d), the requested documents were due to be provided to Ms. Earthman on or before November 13.  Mr. Baker failed to produce any responsive documents by the November 13 deadline and instead, acting on Ms. Whiting's behalf, served an untimely set of objections and a small handful of documents on November 20.  Dkt. No. 187-6.  The following day, Mr. Baker abruptly cancelled Ms. Whiting's Rule 2004 examination—less than 24 hours before it was scheduled to begin.  Dkt. No. 118-2.

4

2776708

8.     Upon receiving notice of the cancellation from Mr. Baker on November 21, Ms. Earthman filed her Motion to Compel seeking an order compelling the discovery sought by the Notice and sanctions for Ms. Whiting's and Mr. Baker's unreasonable resistance to providing Rule 2004 discovery pursuant to Local Rule 2004-1(g).  Dkt. No. 108.  The lengthy history of Ms. Earthman's diligent efforts to confer with Mr. Baker and to obtain discovery from Ms. Whiting are set forth in detail in the Motion to Compel.  *Id.*

9.     On December 11, Mr. Baker made an appearance in this Court on Ms. Whiting's behalf and filed a Response to the Motion to Compel and a Motion for Sanctions against Ms. Earthman (the "Response and Motion for Sanctions").  Dkt. No. 111 (as amended Dkt. No. 112). The Response and Motion for Sanctions was defective in a number of respects, including Mr. Baker's failure to confer with Ms. Earthman's counsel prior to filing the response in accordance with Local Rule 9013-1(g)(1).  Ms. Earthman filed a Motion to Strike the Response and in the alternative a Reply in Support of her Motion to Compel on December 30 ("Motion to Strike"). Dkt. No. 118.

10.     On January 24, 2025, the Court issued an Order granting Ms. Earthman's Motion to Strike, striking Ms. Whiting's Response and Motion for Sanctions, and granting Ms. Earthman's Motion to Compel.  Dkt. No. 128.  With respect to the Motion to Compel, the Court ordered Ms. Whiting (1) to produce the documents requested by the Notice by January 31, (2) to appear for her Rule 2004 examination at a time and place directed by Ms. Earthman's counsel by February 7, and (3) to pay Ms. Earthman's reasonable attorneys' fees and expenses incurred in pursuing the Motion to Compel.  *Id.*

11.     Immediately following the Court's issuance of the January 24, 2025 Order, Simon W. Hendershot, III and Carolyn Carollo of Hendershot Cowart, P.C. filed a Notice of Appearance

5

2776708

on behalf of Ms. Whiting [Dkt. No. 130] and an Emergency Motion to Reconsider and Vacate the Court's Order ("Motion to Reconsider") [Dkt. No. 131, as amended, No. 133] requesting that the Court reconsider its prior ruling because "at the time that counsel for [Ms.] Earthman was conferring with Reese Baker regarding a draft 2004 notice for [Ms. Whiting] and when Ms. Earthman's counsel filed and attempted to serve the [Notice] on Ms. Whiting through Reese Baker, *Reese Baker was not Ms. Whiting's attorney* and had no authority to represent her in this bankruptcy nor authorize issuance or accept service of the . . . Notice on Ms. Whiting's behalf." Dkt. No. 133, ¶ 1 (emphasis in original).

12. The Court held an evidentiary hearing on Ms. Whiting's Motion to Reconsider on February 24, 2025 and issued an Order granting the Motion to Reconsider, vacating the January 24, 2025 Order on Ms. Earthman's Motion to Compel, and setting the Motion to Compel for an oral hearing on March 24, 2025. Dkt. No. 163. The hearing was subsequently rescheduled for March 27, 2025. Dkt. No. 177.

13. Prior to the hearing, Ms. Earthman and Ms. Whiting reached an agreement through counsel to resolve the Motion to Compel as it pertained to Ms. Whiting only. Dkt. No. 188.

14. On March 27, 2025, the Court held an evidentiary hearing on the unresolved portion of the Motion to Compel seeking sanctions against Mr. Baker. Both Ms. Whiting and Mr. Baker were called as witnesses at the hearing, and both individuals were sworn in and provided testimony. *See* Courtroom Minutes for March 27, 2025 Hearing. For the reasons stated on the record at the hearing, the Court granted the Motion to Compel as it pertained to Mr. Baker only. Dkt. No. 190. The Court directed Ms. Earthman to file an application for reasonable fees and expenses no later than Thursday, April 10, 2025. *Id.*

6

2776708

15.     In accordance with the Court's Order, Ms. Earthman is submitting this fee application and the attached declarations of her counsel Amy Parker Beeson and Barnet B. Skelton, Jr. attesting to the reasonable attorneys' fees and expenses she incurred in pursuing the Motion to Compel.  As set forth therein, Ms. Earthman has incurred a combined total of $59,401.35 in attorneys' fees and $1,397.40 in expenses in pursuing the Motion to Compel.  The fees are reasonable and were necessitated by Ms. Baker's conduct and his unreasonable resistance to providing discovery under Rule 2004.  BLR 2004-1(g).  In accordance with the Court's Order, Ms. Earthman is seeking $55,798.75 for the attorneys' fees and expenses she incurred in connection with her Motion to Compel.[1]

## SERVICES PROVIDED IN PURSUIT OF THE MOTION TO COMPEL

16.     Ms. Earthman's counsel filed the Motion to Compel on her behalf on November 21, 2024.  Dkt. No. 108.  For the next four months, undersigned counsel diligently pursued the Motion to and took all steps that were reasonably necessary to bring about a favorable resolution of the Motion.  The services provided included legal research and drafting of the Motion to Compel itself, as well as (1) Ms. Earthman's reply in support of the Motion, (2) her Motion to Strike Ms. Whiting's Response on account of Mr. Baker's failure to confer with her counsel before filing the Response as required under the Local Rules, and (3) her response to the frivolous Motion for Sanctions that Mr. Baker filed on Ms. Whiting's behalf.  Dkt. Nos. 108, 118.

17.     Following the Court's January 24, 2025 Order granting the Motion [Dkt. No. 128], undersigned counsel was required to expend a significant amount of additional time and resources (1) to confer with Ms. Whiting's new counsel at Hendershot Cowart, P.C.; (2) to review and respond to the Emergency Motion for Reconsideration [Dkt. Nos. 131, 133], the Emergency

---

[1] The fees Ms. Earthman is seeking are net of the $5,000.00 Ms. Whiting agreed to pay Ms. Earthman to resolve Ms. Earthman's request for sanctions as it applied to Ms. Whiting in her individual capacity.

7

2776708

Motion to Stay the Deadlines in the Order at ECF No. 128 [Dkt. No. 136] ("Motion to Stay"), the Motion for Protective Order [Dkt. No. 165] and Supplemental Response to the Motion to Compel [Dkt. No. 166] those lawyers filed on Ms. Whiting's behalf; and (3) to prepare for, attend, and argue the hearing on the Motion for Reconsideration that took place on February 24, 2025. Dkt. No. 134.

18.     Following the Court's resolution of the Motion for Reconsideration in Ms. Whiting's favor, undersigned counsel was required to expended additional time and resources to prepare for, attend, and argue the evidentiary hearing on the Motion to Compel that took place on March 27, 2025. The fees and expenses associated with that effort were exacerbated by Mr. Baker's refusal to appear and provide testimony at the hearing voluntarily and his refusal to accept service of either of the two subpoenas Ms. Earthman's counsel was forced to issue to compel his attendance at the hearing. Dkt. Nos. 167, 169, 174, 180.

19.     A schedule reflecting the time that Ms. Earthman's counsel expended in connection with the foregoing services are summarized as follows:

| Attorney | Hours | Hourly Rate | Courtesy Discount | Total |
|---|---|---|---|---|
| Amy Parker Beeson | 70.9 | $550 | 15% | $38,995.00 |
| M. Jake McClellan | 49.6 | $410 | 15% | $20,336.00 |
| Barnet B. Skelton, Jr. | 13.8 | $650 | N/A | $8,970.00 |

The expenses incurred totaled $1,397.40. Detailed descriptions of the services provided by the professionals at Beck Redden and Mr. Skelton in pursuit of the Motion to Compel and the associated expenses incurred are included within the declarations attached hereto as **Exhibits A and B**. The professionals at Beck Redden and Mr. Skelton did not duplicate efforts on any issues. Rather, they handled various tasks independently and worked collaboratively as appropriate to bring about a favorable resolution of the Motion to Compel as efficiently as possible. The services

8

2776708

provided by both firms were reasonable and necessary to pursue the Motion to Compel and address Mr. Baker's unreasonable resistance to providing Rule 2004 the discovery requested from Ms. Whiting.

## AUTHORITY

20.     This Court's Local Rules provide for the imposition of sanctions if "anyone has been unreasonable in . . . resisting discovery under Fed. R. Bankr. P. 2004." BLR 2004-1(g). The Fifth Circuit has established that the lodestar method for calculating reasonable attorneys' fees applies in bankruptcy cases. *In re Lawler*, 807 F.2d 1207, 1211 (5th Cir. 1987). The lodestar amount is "equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* For the reasons set forth in the declarations submitted by Ms. Beeson and Mr. Skelton in support of this Application, the hours spent were appropriate and the rates charged were usual and customary for similar legal services provided by comparably skilled professionals in Houston, Texas. *See* Exs. A, B.

21.     Courts may adjust the lodestar amount upwards or downwards based on the non-exhaustive list of factors previously adopted by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 655 (5th Cir. 2012). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re First Colonial*

9

2776708

*Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), (quoting *Johnson*, 488 F.2d at 717–19). An analysis of the *Johnson* factors additionally supports the reasonableness of the fees sought by this Application.

22. <u>Time and Labor Required</u>. Attached as Exhibits A and B to this Application are declarations, which include true and correct copies of records reflecting the hourly charges and out-of-pocket expenses billed to Ms. Earthman by the professionals at Beck Redden and Mr. Skelton in connection with their pursuit of the Motion to Compel on her behalf. The hours expended by those professionals were in line with the hours that attorneys with similar knowledge, experience, and expertise would have expended to provide similar services. As set forth in further detail above, the significant number of hours expended by counsel in pursuit of the Motion to Compel is not a reflection of their lack of skill or diligence, but rather the reality of addressing both Mr. Baker's unreasonable resistance to providing the discovery sought from Ms. Whiting and the significant fallout from Mr. Baker's false representation that he was authorized to accept service of the Notice on Ms. Whiting's behalf. Ms. Whiting did not contest whether service of the Notice on Mr. Baker was effective until after the Court had already entered its initial Order granting the Motion to Compel, requiring Ms. Earthman's counsel to not only litigate the Motion for Reconsideration of the Court's Order, but to re-litigate the Motion to Compel itself. The services provided by Ms. Earthman's counsel were reasonable and necessary to achieve the objectives of the Motion to Compel.

23. <u>The Novelty and Difficulty of the Questions</u>. Although resistance to discovery is unfortunately not a novel issue, this particular discovery dispute presented the unusual circumstance of an individual seeking reconsideration of a court order on the theory that her former counsel had not yet been engaged at the time he represented he had the authority to accept service

10

2776708

of discovery directed to her attention.  Grappling with that novel issue took considerable time and effort over and above efforts typically necessary to compel discovery from a resistant third party.

24.     The Skill Requisite to Perform the Legal Services Properly.   Ms. Earthman's counsel's services required a high degree of skill and knowledge of the facts and legal bases for seeking to compel discovery under Rule 2004 and seek sanctions under Local Rule 2004-1(g). The reputation and skill of Beck Redden attorneys is specific to litigation and handling complex and contentious matters.  Mr. Skelton specializes in bankruptcy matters and has expertise specific to the matters raised in the Motion to Compel.  Together, both firms collaborated to aggressively represent Ms. Earthman's interests, obtain the requested discovery, and protect her from incurring unnecessary fees as a result of Mr. Baker's conduct.

25.     The Customary Fee.   Ms. Earthman's counsel charged rates that are normal, customary, and reasonable for work conducted on similar matters in the greater Houston area.  *See* Exs. A, B.  The discounted hourly rates for the Beck Redden attorneys in this case ranged from $410.00 to $550.00, and those rates were further discounted as a result of the standing 15% courtesy discount Beck Redden has agreed to provide Ms. Earthman in connection with their work on this matter.  Mr. Skelton's hourly rate was $650.00, which is in line with customary rates charged by similarly skilled bankruptcy professionals in the Southern District of Texas.

26.     Whether the Fee is Fixed or Contingent.   Both Beck Redden and Mr. Skelton maintain an hourly fee arrangement with Ms. Earthman, which is customary practice for both of their respective firms.

27.     Time Limitations Imposed by the Client or Other Circumstances.   The Motion to Compel was originally filed on November 21, 2024 and was not fully and finally resolved until the Court issued its Order on March 27, 2025.  During that more-than-four-month period of time,

11

Ms. Earthman's counsel was also in the process of initiating adversary proceedings against the Debtor and her business partner excepting to the discharge of their debts to Ms. Earthman and objecting to their respective pleas for a discharge and defending motions to dismiss filed by both Debtors. Pursuing the Motion to Compel required Ms. Earthman's counsel to divert valuable time and attention away from those efforts. The belated revelation that Mr. Baker was not authorized to accept service of the Notice on Ms. Whiting's behalf compounded the issue and required a significant amount of additional time and resources to confront—particularly in light of the emergency nature of both the Motion for Reconsideration and the Motion to Stay.

28.    The Amount Involved and the Results Obtained. The discovery sought from Ms. Whiting was critical for a number of reasons. As set forth in the Motion to Compel, Ms. Whiting is the Debtor's mother and also one of her largest creditors. Dkt. No. 108, ¶ 1. Ms. Whiting loaned the Debtor $312,000 to fund the Debtor's share of the down payment for her purchase of the membership interest in PC Boutique, LLC and continued to advance hundreds of thousands of dollars to the Debtor to provide additional operating capital for the business. In spite of those facts, Ms. Whiting has never been identified as a creditor on the Debtor's schedules. The Debtor has continued to misrepresent the nature of the advances as "gifts," despite her sworn testimony at her Rule 2004 examination that they were, in fact, loans on which she made regular payments before the onset of the financial distress that precipitated her bankruptcy filing. Ms. Whiting also appears to control Lolly PopPop Productions, LLC ("LPP")—an entity in which the Debtor owns an 85% interest and for which the Debtor is the Managing Member. The Debtor was not capable of explaining any of the financial affairs of LPP at her Rule 2004 examination, including the whereabouts of the company's 2023 year-end profits of $50,709.49. The discovery Ms. Earthman sought to compel from Ms. Whiting was necessary to investigate both of those critical issues, and

2776708

she would not have been able to obtain that discovery without the extraordinary efforts she was forced to make as a result of Mr. Baker's conduct.

29.    The Experience, Reputation, and Ability of the Attorneys.  Attached as Exhibits C and D are the true and correct copies of biographies of Mr. Skelton and the various attorneys from Beck Redden who worked on this matter.  As set forth above, both firms possess unique skill sets (Beck Redden in contested matters and Mr. Skelton in bankruptcy matters) that were necessary and beneficial to their joint representation of Ms. Earthman's interests.

30.    The "Undesirability" of the Case.  While representing Ms. Earthman is not undesirable for her counsel, managing and addressing Mr. Baker's resistance to critical discovery efforts has been difficult, time consuming, and contentious.

31.    The Relationship with the Client.  The hourly rates charged by Beck Redden and Mr. Skelton are reasonable in light of the firms' professional relationship with Ms. Earthman, which did not begin until the adversity that precipitated the Debtor's bankruptcy filing arose.

32.    Awards in Similar Cases.  The compensation being sought is in line with rates that bankruptcy courts in Texas have found to be reasonable in other similar adversary cases.  *See e.g.*, *In re Harris-Nutall*, 572 B.R. 184, 202 (N.D. Tex. 2017) (hourly fees of $200 to $500 are within the range of those customarily charged by professionals having comparable skills and expertise); *see also In re Lopez*, 576 B.R. at 106 (awarding $119,952.24 in fees and expenses incurred in pursuit of a motion for sanctions for discovery violations).

33.     In sum, Ms. Earthman submits that the fees and expenses sought herein were reasonable and necessary to pursue the Motion to Compel in light of the work performed, the results obtained, and the skill and time expended by the professionals at Beck Redden and Mr. Skelton.

2776708

## CONCLUSION

Ms. Earthman respectfully requests that this Court (1) grant this Application to Recover Sanctions Awarded Against Reese W. Baker; (2) award Ms. Earthman $55,798.75 in attorneys' fees and expenses; (3) direct Ms. Baker to pay the awarded fees within ten business days of the entry of the Court's order on this Application and (4) grant any other and further relief to which Ms. Earthman may be entitled.

14

2776708

Dated: April 10, 2025.

Respectfully submitted,

**BECK REDDEN LLP**

By:*/s/Amy Parker Beeson*
Amy Parker Beeson
**Attorney in Charge**
State Bar No. 24051156
Federal Bar No. 626178
abeeson@beckredden.com
M. Jake McClellan
State Bar No. 24109525
Federal Bar No. 33344477
jmcclellan@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010
Phone:  (713) 951-3700
Fax:     (713) 951-3730

**BARNET B. SKELTON, JR.**

By:*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
State Bar No. 18456400
Federal Bar No. 87023
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 659-8761
Cell: (713) 516-7450
Facsimile: (713) 659-8764
Email: barnetbjr@msn.com

**ATTORNEYS FOR PLAINTIFF
MARIE DUNCAN EARTHMAN**

15

2776708

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, a true and correct copy of the foregoing was served on the Debtor, Debtor's counsel, the Trustee and all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Amy Parker Beeson

2776708