United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 09, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-32044** |
| **KATHERINE MARIE HIGGINS,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 7** |

## <u>MEMORANDUM OPINION</u>

Pending before this Court is "Marie Duncan Earthman's Application to Recover Sanctions Awarded Against Reese W. Baker"[1] (the "*Fee Application*") filed by Marie Duncan Earthman ("*Earthman*") on April 10, 2025. Earthman submitted the Fee Application in accordance with this Court's March 27, 2025 order (the "*Sanctions Order*"), which awarded attorney's fees and costs to Earthman.[2] The Court directed Earthman to file an application to recover its awarded fees and costs, subject to any objections raised by Reese W. Baker ("*Baker*").[3] In her Fee Application, Earthman seeks an award of $59,401.35 in attorney's fees plus $1,397.40 in costs.[4] After a hearing, the Court now issues the instant Memorandum Opinion.

### I.   BACKGROUND

1. On November 21, 2024 Earthman filed her "Motion To Compel Production of Documents From Alice Whiting Pursuant To Rule 2004 Examination Notice And For Sanctions" (the "*Motion to Compel*").[5]

2. On March 27, 2025, the Court held a hearing on the Motion to Compel as it related to Baker.[6]

---

[1] ECF No. 194.
[2] ECF No. 190.
[3] *Id.*
[4] ECF No. 194.
[5] ECF No. 108.
[6] ECF No. 190.

3. On March 27, 2025, the Court entered its Sanctions Order.[7]

4. On April 10, 2025, Earthman filed her Fee Application.[8]

5. On May 13, 2025, Baker filed his "Response and Objection of Reese Baker to Application for Sanctions"[9] (the "*Objection*").

6. On May 29, 2025, Earthman filed "Marie Duncan Earthman's Reply In Support Application To Recover Sanctions Awarded Against Reese W. Baker"[10] (the "*Reply*").

7. On June 2, 2025, and June 3, 2025, the Court held a hearing on the Fee Application, took the matter under advisement, and ordered Baker to refile his Exhibits at Docket Nos. 208-6 and 208-7 (the "*Original Exhibits*") to address certain deficiencies.[11]

8. On June 3, 2035, Baker filed Docket No. 213 (the "*Amended Exhibit*") to address the deficiencies in the Original Exhibits.[12]

9. On June 4, 2025, Earthman filed "Marie Duncan Earthman's Objections To Reese Baker's Re-Filed Exhibits" (the "*Evidentiary Objection*").[13]

## II.   JURISDICTION, VENUE AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[14] The issue before the Court is not a resolution of claims; rather, the instant issue involves the amount of attorney's fees Earthman will receive based on this Court's prior ruling imposing sanctions against Baker.[15] As this Court has jurisdiction to impose sanctions for discovery violations under Federal Rule of Bankruptcy

---

[7] ECF No. 190.
[8] ECF No. 194.
[9] ECF No. 200.
[10] ECF No. 206.
[11] June 3, 2025 Min. Entry.
[12] ECF No. 213.
[13] ECF No. 214.
[14] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[15] *See* ECF No. 190.

Procedure ("*Rule*") 2004 and BLR 2004-1(g), this Court also has jurisdiction to determine the amount of attorney's fees awarded pursuant to this Court's prior orders.[16] This Court may only hear a case in which venue is proper.[17] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The main bankruptcy case in which this issue arises is pending in this Court so therefore, venue of this proceeding is proper.[18]

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[19] The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).[20] This Court concludes that the narrow limitation imposed by Stern does not prohibit this Court from entering a final order here.[21] Alternatively, this Court has constitutional authority to enter a final order because all parties have implicitly consented to adjudication of this dispute by participating in motion practice and hearings before this Court.[22] Thus, this Court wields the constitutional authority to enter a final order here.

---

[16] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009) (finding the "Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

[17] 28 U.S.C. § 1408.

[18] ECF No. 1.

[19] See 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[20] *See In re French Bourekas*, 183 B.R. 695, 696 (Bankr. S.D.N.Y. 1995) ("[T]he power to sanction parties for conduct in a core matter is itself core.").

[21] *See, e.g., Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that Stern invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' Stern expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend Stern's limited holding herein.") (Citing Stern, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[22] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1947, 191 L. Ed. 2d 911 (2015) ("Sharif con-tends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

### III. ANALYSIS

The Court must determine whether it should award the fees and costs requested by Earthman in her Fee Application. Earthman asserts fees incurred by Beck Redden LLP through Amy Beeson ("*Beeson*") and M. Jake McClellan ("*McClellan*") which total $59,331.00.[23] After deducting a 15% courtesy discount given to Earthman by Beck Redden LLP, the time entries reflect a total of $50,431.35 in attorney's fees.[24] Earthman also request fees from Barnet B. Skelton ("*Skelton*") in the amount of $8,970.[25] Finally, Earthman request costs in the amount of $1,397.40.[26] In total, Earthman requests fees and costs in the amount of 60,798.75.[27] The time entries and costs are as follows:[28]

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 11/20/2024 | APB | 4 | $550 | $2,200.00 | Attention to documents produced on behalf of A. Whiting; review objections served in connection with same; related email communication with B. Skelton and R. Baker; draft motion to compel and for sanctions against A. Whiting. |
| 11/21/2024 | APB | 5.5 | $550 | $3,025.00 | Finalize motion to compel against A. Whiting; review A. Whiting amended objections; email correspondence with R. Baker regarding same. |

---

[23] ECF No. 194-1 at 11.
[24] ECF No. 194-1 at 11.
[25] ECF No. 194-2.
[26] ECF No. 194-1.
[27] ECF No. 194.
[28] ECF Nos. 209-1; 209-2.

| | | | | **Table 1: Amy Beeson and M. Jake McClellan's fees** | |
|---|---|---|---|---|---|
| **Date** | **Timekeeper** | **Time** | **Rate** | **Amount Charged** | **Time Description** |
| 12/12/2024 | MJM | 6 | $410 | $2,460.00 | Prepare reply in support of motion to compel; conference with A. Beeson regarding same; review and revise same based on A. Beeson comments; telephone conference with B. Skelton regarding same. |
| 12/12/2024 | APB | 1.5 | $550 | $825.00 | Edit and revise draft reply in support of motion to compel 2004 discovery from A. Whiting and motion to strike her response; email communication with J. McClellan to direct drafting and revisions to same. |
| 12/13/2024 | APB | 0.3 | $550 | $165.00 | Attention to email communication from J. McClellan regarding response to motion for sanctions and related motion to compel discovery from A. Whiting. |
| 12/13/2024 | MJM | 2.2 | $410 | $902.00 | Review and revise reply; prepare declaration, exhibits, and proposed orders for same; lengthy telephone conference with R. Baker regarding same; conference with A. Beeson regarding same. |
| 12/16/2024 | APB | 0.3 | $550 | $165.00 | Attention to email communication from R. Baker regarding A. Whiting production of documents and Rule 2004 examination. |
| 12/20/2024 | APB | 0.3 | $550 | $165.00 | Draft and serve notice of hearing on motion to compel documents from A. Whiting and serve notice on R. Baker. |
| 12/28/2024 | APB | 2.8 | $550 | $1,540.00 | Edit and revise draft response to motion for sanctions and reply in support of motion to compel documents from A. Whiting. |
| 12/29/2024 | APB | 0.4 | $550 | $220.00 | Telephone conference and email communication with B. Skelton regarding draft response to motion for sanctions and reply in support of motion to compel discovery from A. Whiting. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| **Date** | **Timekeeper** | **Time** | **Rate** | **Amount Charged** | **Time Description** |
| 12/30/2024 | APB | 0.4 | $550 | $220.00 | Work with J. McClellan to finalize and file response to motion for sanctions and reply in support of motion to compel discovery from A. Whiting. |
| 1/7/2025 | APB | 0.2 | $550 | $110.00 | Begin compiling exhibits for A. Whiting Motion to Compel hearing. |
| 1/8/2025 | APB | 1.3 | $550 | $715.00 | Review text messages produced this morning by A. Whiting; telephone conference with B. Skelton regarding same; update exhibit list for A. Whiting Motion to Compel to finalize for filing deadline; email communication with R. Baker regarding status of A. Whiting production |
| 1/9/2025 | APB | 0.4 | $550 | $220.00 | Confer with R. Baker and B. Skelton relating to request for continuance of hearing on Motion to Compel documents from A. Whiting. |
| 1/24/2025 | APB | 1.3 | $550 | $715.00 | Attention to order granting motion to compel against A. Whiting; begin preparing fee application in connection with same; conference with B. Skelton regarding same. |
| 1/25/2025 | APB | 2.5 | $550 | $1,375.00 | Draft fee application and related declaration to recover fees from A. Whiting pursuant to the Court's order. |
| 1/27/2025 | APB | 1.7 | $550 | $935 | Email communication with C. Carollo to respond to her request to confer on motion to reconsider the court's ruling on motion to compel from A. Whiting; conferences with B. Skelton regarding his discussion with C. Carollo; research related to withdrawal and substitution of counsel; draft email to C. Carollo and R. Baker regarding same and confer with B. Skelton regarding same. |
| 1/28/2025 | APB | 2.1 | $550 | $1,155.00 | Review and analyze A. Whiting emergency motion to reconsider; confer with B. Skelton regarding same. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 1/29/2025 | APB | 6.6 | $550 | $3,630.00 | Attention to notice of order setting hearing on A. Whiting motion to reconsider; telephone conference with the Court regarding status of January 24 Order and conference with B. Skelton regarding same; draft response to motion to reconsider and renewed motion to strike same. |
| 1/30/2025 | APB | 2.5 | $550 | $1,375.00 | Continue work to finalize response to A. Whiting motion to reconsider; draft proposed order; confer with B. Skelton regarding same. |
| 2/4/2025 | APB | 0.2 | $550 | $110.00 | Draft certificate of service to notice hearing on motion to strike A. Whiting motion to reconsider. |
| 2/6/2025 | APB | 3.10 | $550 | $1,705.00 | Edit and revise draft motion to strike and in the alternative response to A. Whiting Amended Motion to Reconsider the Court's January 24, 2025 Order; place telephone calls to R. Baker and C. Carollo to confer on same; telephone conference with C. Carollo; finalize draft, all related exhibits, declaration and proposed orders for filing. |
| 2/19/2025 | APB | 1.8 | $550 | $990.00 | Prepare for Monday's hearing on A. Whiting motion to reconsider and M. Earthman motion to strike; prepare draft witness and exhibit list. |
| 2/20/2025 | APB | 0.6 | $550 | $330.00 | Telephone conference with B. Skelton regarding upcoming hearing on A. Whiting motion to reconsider; finalize witness and exhibit list for filing and service. |
| 2/22/2025 | APB | 2.10 | $550 | $1,155.00 | Prepare for hearing on A. Whiting motion to reconsider. |
| 2/23/2025 | APB | 1.8 | $550 | $990.00 | Review A. Whiting response to motion to strike; continue preparing for hearing on A. Whiting motion to reconsider. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 2/24/2025 | APB | 2.5 | $550 | $1,375.00 | Finalize preparations for and participate in hearing on A. Whiting motion to reconsider; follow up discussions with B. Skelton and M. Earthman; attention to Court order setting hearing on motion to compel and motion for sanctions; follow up email communication with C. Carollo. |
| 2/24/2025 | APB | 2.5 | $550 | $1,375.00 | Finalize preparations for and participate in hearing on A. Whiting motion to reconsider; follow up discussions with B. Skelton and M. Earthman; attention to Court order setting hearing on motion to compel and motion for sanctions; follow up email communication with C. Carollo. |
| 2/25/2025 | MJM | 0.5 | $410 | $205.00 | Conference with A. Beeson regarding motion to compel hearing and next steps; begin analysis of requirements for subpoena to R. Baker. |
| 2/25/2025 | APB | 0.5 | $550 | $275.00 | Telephone conference with C. Carollo regarding pending motion to compel discovery from A. Whiting. |
| 2/26/2025 | MJM | 1.9 | $410 | $779.00 | Conference with A. Beeson regarding subpoena; review and comment on motion to strike; prepare subpoena and document request. |
| 2/26/2025 | APB | 0.3 | $550 | $165.00 | Work with J. McClellan to prepare subpoena to compel R. Baker appearance at hearing on motion to compel discovery from A. Whiting. |
| 2/27/2025 | MJM | 1.3 | $410 | $533.00 | Continue review rules and procedures regarding subpoena for electronic testimony. |
| 2/28/2025 | MJM | 0.5 | $410 | $205.00 | Review supplemental response to motion to compel and motion for protection; review previous filings for A. Whiting declaration; telephone conference with A. Beeson regarding same. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 2/28/2025 | APB | 0.9 | $550 | $495.00 | Telephone conferences with J. McClellan regarding R. Baker subpoena and review associated draft; email communication with B. Skelton regarding procedural issues related to compelling R. Baker testimony. |
| 3/3/2025 | MJM | 1.3 | $410 | $533.00 | Review local rules regarding notice of intent to introduce testimony by electronic means and additional authorities regarding same; prepare notice of testimony; conference with A. Beeson regarding same. |
| 3/3/2025 | APB | 1 | $550 | $550.00 | Work with J. McClellan to finalize subpoena to R. Baker and associated notice of intent to introduce testimony by electronic means; draft email to C. Carollo regarding A. Whiting Motion for Protective Order and related matters. |
| 3/5/2025 | MJM | 1.9 | $410 | $779.00 | Review relevant authorities regarding a lawyer's apparent authority in connection with acceptance of documents and prepare analysis for A. Beeson regarding same. |
| 3/6/2025 | MJM | 0.2 | $410 | $82.00 | Review correspondence from Court regarding electronic hearing and witness testimony at motion to compel hearing; conference with A. Beeson regarding same. |
| 3/6/2025 | APB | 0.3 | $550 | $165.00 | Email communication with B. Skelton regarding Whiting motion to compel. |
| 3/7/2025 | APB | 1.6 | $550 | $880.00 | Work with J. McClellan to subpoena R. Baker appearance at hearing on motion for sanctions and motion to compel; email communication with R. Baker and C. Carollo regarding same. |
| 3/7/2025 | MJM | 2.3 | $410 | $943.00 | Prepare notice and subpoena duces tecum to R. Baker in connection with motion to compel hearings; discuss location of attendance; confirm no objections to notice of testimony; discuss upcoming strategy on motion to compel hearing with A. Beeson. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 3/11/2025 | MJM | 0.6 | $410 | $246.00 | Conference with A. Beeson regarding Mr. Baker's refusal to accept service and coordinate service; review correspondence regarding potential resolution of motion for protection; review local rules regarding hearing notice and response date. |
| 3/11/2025 | APB | 4.8 | $550 | $2,640.00 | Telephone conference with R. Baker regarding service of subpoena to compel his testimony at the hearing on M. Earthman motion for sanctions and related follow up; attention to order setting hearing on A. Whiting motion for protection; follow up email communication with C. Carollo to seek agreed continuance of same; draft agreed motion for continuance, obtain agreement from C. Carollo and finalize for filing; review email communication from C. Carollo proposing resolution of motion to compel. |
| 3/12/2025 | APB | 0.7 | $550 | $385.00 | Follow up with J. McClellan and R. Baker regarding service of subpoena to testify at hearing on motion for sanctions. |
| 3/12/2025 | MJM | 0.2 | $410 | $82.00 | Review correspondence regarding process server attempts to serve Mr. Baker in connection with motion to compel hearing and discuss next steps with A. Beeson. |
| 3/14/2025 | MJM | 1.1 | $410 | $451.00 | Work on response to motion for protection; review documents and correspondence regarding same. |
| 3/17/2025 | MJM | 4.9 | $410 | $2,009.00 | Prepare reply in support of motion to compel; conference with A. Beeson regarding same. |
| 3/17/2025 | APB | 0.7 | $550 | $385.00 | Conferences with J. McClellan regarding strategy for upcoming hearing in K. Higgins bankruptcy matter related to discovery being sought from A. Whiting; attention to notice from the Court resetting hearing. |

| Table 1: Amy Beeson and M. Jake McClellan's fees | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 3/18/2025 | APB | 1.4 | $550 | $770.00 | Draft amended notice of subpoena to R. Baker and draft emails to R. Baker to provide service of amended notices of hearing issued by the Court; telephone conferences with B. Skelton regarding upcoming hearing and related strategy. |
| 3/18/2025 | MJM | 0.3 | $410 | $123.00 | Review and finalize amended notice of subpoena to R. Baker. |
| 3/19/2025 | APB | 0.2 | $550 | $110.00 | Attention to service of amended notice of subpoena to R. Baker. |
| 3/21/2025 | MJM | 1.2 | $410 | $492.00 | Review local rules regarding exhibit and witness lists; gather and review documents and prepare exhibit list for motion to compel hearing. |
| 3/23/2025 | APB | 1 | $550 | $550.00 | Email communication with B. Skelton regarding status of negotiations to resolve A. Whiting motion to compel; follow up with C. Carollo regarding same; edit and revise draft reply in support of motion to compel and for sanctions and circulate to B. Skelton. |
| 3/24/2025 | APB | 2.1 | $550 | $1,155.00 | Attention to email communication from C. Carollo regarding motion to compel and motion for sanctions; telephone conference with M. Earthman and follow up email communication with C. Carollo regarding same; edit and revise draft stipulation to memorialize resolution. |
| 3/24/2025 | MJM | 4.6 | $410 | $1,886.00 | Prepare exhibit list for upcoming hearing; review documents and previous briefing; work on outline cross examination outlines for same. |
| 3/25/2025 | MJM | 5.9 | $410 | $2,419.00 | Review, revise, and finalize exhibits lists for upcoming hearings; review documents and work on examination outlines for hearing (5.5); meet with A. Beeson to discuss hearing and next steps (0.4). |
| 3/25/2025 | APB | 1.3 | $550 | $715.00 | Edit and revise exhibit list for hearing on motion to compel and motion for sanctions; email communication with J. McClellan regarding same; internal |

| | | | | Amount | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Charged | Time Description |
| | | | | | meeting with J. McClellan to develop strategy for hearing on motion to compel and motion for sanctions. |
| 3/25/2025 | APB | 1.3 | $550 | $715.00 | Edit and revise exhibit list for hearing on motion to compel and motion for sanctions; email communication with J. McClellan regarding same; internal meeting with J. McClellan to develop strategy for hearing on motion to compel and motion for sanctions. |
| 3/26/2025 | APB | 2 | $550 | $1,100.00 | Internal conferences with J. McClellan and T. Ford regarding hearing on motion for sanctions and strategy related to same. |
| 3/26/2025 | MJM | 6.9 | $410 | $2,829.00 | Continue preparing witness and argument outlines and reviewing documents to prepare for hearing on motion for sanctions. |
| 3/27/2025 | MJM | 5.8 | $410 | $2,378.00 | Continue hearing preparation; conduct hearing on motion for sanctions; discuss next steps with A. Beeson. |
| 3/27/2025 | APB | 5.9 | $550 | $3,245.00 | Review transcript of hearing on motion to reconsider in preparation for today's hearing on motion for sanctions; review J. McClellan hearing outline; internal meeting with J. McClellan and T. Ford to continue preparing for same; attend hearing; attention to service of order granting motion for sanctions; serve R. Baker and draft certificate of service. |
| | **Total:** | | | **$59,331.00** | |
| | **Total with 15% Discount** | | | **$50,431.35** | |

**Table 1: Amy Beeson and M. Jake McClellan's fees**

| Table 2: Barnet Skelton's fees[29] | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 11/20/24 | BBS | 0.20 | $650 | $130 | Exchanged emails with Amy re: Whiting's failure to produce documents. |
| 11/20/24 | BBS | .30 | $650 | $195 | Reviewed Baker's untimely objections to Whiting document subpoena |
| 11/20/24 | BBS | 0.10 | $650 | $65 | Exchanged emails with Amy about the need to seek sanctions. |
| 11/21/24 | BBS | .30 | $650 | $195 | Reviewed draft motion to compel document production by Whiting. |
| 11/21/24 | BBS | .20 | $650 | $130 | Prepare redline of proposed Order. |
| 12/12/24 | BBS | .50 | $650 | 325 | Reviewed Whiting's Response to Motion to Compel and Motion for Sanctions Against Earthman. |
| 12/12/24 | BBS | .20 | $650 | $130 | Reviewed Whiting's Response to Motion to Compel and Motion for Sanctions Against Earthman. |
| 12/13/24 | BBS | .30 | $650 | $195 | Reviewed and approved draft Motion to Strike Whiting Response and Motion for Sanctions and proposed Order. |
| 12/13/24 | BBS | .20 | $650 | $130 | Reviewed Jake McLellan's email to Baker summarizing call with him re: failure to produce documents and intent to proceed with Motion to Compel unless documents produced by 12/16. |
| 12/16/24 | BBS | .20 | $650 | $130 | Exchanged emails with Amy and Jake re: Baker's non-committal response re: document production and 2004 exam attendance. |
| 12/16/24 | BBS | .30 | $650 | $195 | Follow up call with Amy re: Whiting's continued failure to comply and need to press Motion to Compel and Motion to Strike. |
| 12/17/24 | BBS | .10 | $650 | $65 | Exchanged emails with Amy re: email from Baker stating very limited documents to be produced. |
| 12/17/24 | BBS | .50 | $650 | $325 | Review Whiting's Amended Response to Motion to Compel. |

---

[29] ECF No. 194-2.

| Table 2: Barnet Skelton's fees[29] | | | | | |
|---|---|---|---|---|---|
| Date | Timekeeper | Time | Rate | Amount Charged | Time Description |
| 12/30/24 | BBS | .40 | $650 | $260 | Reviewed and approved Motion to Strike Whiting's Amended Response to Motion to Compel and Amended Motion for Sanctions and Reply in Support. |
| 1/8/25 | BBS | .80 | $650 | $520 | Reviewed Whiting's Exhibit List and Exhibits, including newly produced texts from Whiting to Katherine re: loan from Jubilee. |
| 1/8/25 | BBS | 1 | $650 | $650 | Reviewed Notice of 2004 Examination list of documents to be produced and compared with actual production to date. |
| 1/8/25 | BBS | .20 | $650 | $130 | Emailed Amy comments on continued failure to produce key documents included in 2004 Request, and significance of Whiting text on PNC funding as a "loan to you personally." |
| 1/8/25 | BBS | .40 | $650 | $260 | Follow up telephone calls with Amy re: document production failures. |
| 1/8/25 | BBS | .50 | $650 | $325 | Legal research on awards of sanctions for failure to comply with BLR 2004-1(g). |
| 1/8/25 | BBS | .40 | $650 | $260 | Emailed Amy re: In re: Dernick opinion on sanctions and merits of objecting to Debtor and Ms. Arango being called as live witnesses as issue is compliance with a court order and lack of timely objection to 2004 Notice. |
| 1/8/25 | BBS | .60 | $650 | $390 | Legal research on tax and other consequences of alleged "forgiveness" of Whiting/Jubilee loan to Higgins. |
| 1/9/25 | BBS | .20 | $650 | $130 | Reviewed Whiting's Emergency Motion for Continuance and Order granting same |
| 1/24/25 | BBS | .30 | $650 | $195 | Reviewed Order granting Earthman's Motion to Compel and for Sanctions vs Whiting. |
| 1/27/25 | BBS | .40 | $650 | $260 | Reviewed Dernick fee application and order on sanction award |

| Table 2: Barnet Skelton's fees[29] | | | | | |
|---|---|---|---|---|---|
| **Date** | **Timekeeper** | **Time** | **Rate** | **Amount Charged** | **Time Description** |
| 1/27/25 | BBS | .30 | $650 | $195 | Telephone conversation with Carolyn Carollo re: her intent to file motion for reconsideration of Whiting Order. |
| 1/27/25 | BBS | .20 | $650 | $130 | Follow up call with Amy re: gist of Carollo's argument for reconsideration. |
| 1/27/25 | BBS | .30 | $650 | $195 | Reviewed draft email from Amy to Baker and Carollo and follow up call with Amy re: same. |
| 1/28/25 | BBS | .50 | $650 | $325 | Reviewed Whiting Motion for Reconsideration and exchanged emails with Amy re: same. |
| 1/28/25 | BBS | .40 | $650 | $260 | Reviewed Amended Whiting Motion for Reconsideration and draft Motion to Strike. |
| 1/28/25 | BBS | .20 | $650 | $130 | Telephone call with Amy re: Whiting issues. |
| 1/29/25 | BBS | .50 | $650 | $325 | Reviewed additional filings by Whiting, Order setting hearing and draft Response to Amended Whiting Motion for Reconsideration. |
| 1/30/25 | BBS | 1 | $650 | $650 | Prepared redline draft of response to Amended Whiting Motion for Reconsideration. |
| 2/20/25 | BBS | .30 | $650 | $195 | Reviewed draft witness and exhibit list and discussed with Amy in preparation for hearing |
| 2/20/25 | BBS | .50 | $650 | $325 | Legal research on Rule 2004 and subpoena issues. |
| 2/24/25 | BBS | 1 | $650 | $650 | Preparation for and attendance at hearing on Whiting motions. |
| | **Total:** | | | **$8,970.00** | |

| Table 3: Earthman's Costs[30] | | | |
|---|---|---|---|
| **Date** | **Amount** | **Narrative** | **Bill Note** |
| 3/18/2025 | $300.20 | Easy Serve; Service of Subpoena | EASY Invoice # 9072-33293601 |
| 3/20/2025 | $827.00 | LEXITAS; Transcript of Transcription of Hearing taken Feb 24, 2025 | 2001 Invoice # 1002801658878 |
| 3/28/2025 | $270.20 | Easy Serve; Service of Subpoena | EASY Invoice # 9072-33326701 |
| **Total:** | **$1,397.40** | | |

## A. Evidentiary objections

In her Evidentiary Objection, Earthman objects to the admissibility of the Original Exhibits and Amended Exhibit filed by Baker and the objections therein on the grounds that they did not comply with this Court's orders.[31] Baker filed the Original Exhibits that contain a chart listing time entries for Earthman's attorney and a corresponding objection to each time entry.[32] At the June 3, 2025 hearing, the Court declined to admit the Original Exhibits into evidence because they did not contain complete descriptions of each of the time entries as filed by Beck Redden LLP.[33] However, the Court ordered Baker to re-file them by the "end of business today" to address two deficiencies.[34] First, Baker was instructed to file the Original Exhibits in landscape format to allow the Court to decipher which objections pertained to which time entries.[35] Second, he was instructed to include complete descriptions of each of the time entries as filed by Beck Redden LLP, subject to any objections by Beck Redden LLP, because the Original Exhibits did not accurately reflect the

---

[30] ECF No. 194-1 at 12.
[31] ECF No. 214.
[32] ECF Nos. 208-6; 208-7.
[33] June 3, 2025 Min. Entry.
[34] *Id.*
[35] *Id.*

descriptions contained in Beck Redden LLP's time records.[36] Baker filed his Amended Exhibit resolving those deficiencies after 5 P.M. on June 3, 2025.[37] Because the Amended Exhibit was filed less than a day late and the late filing did not prejudice Earthman, the Court will exercise its discretion to consider the admissibility of the Amended Exhibit despite its minor lateness.[38] However, the New Exhibit contained additional objections not previously asserted in the Original Exhibits.[39] The newly asserted objections relate to Skelton's time entries and include the following:[40]

1. Added "unnecessary" to the third time entry on November 20, 2024.
2. Added "what proposed order?" to the second time entry on November 21.
3. Added "unnecessary" to the first time entry on December 13.
4. Added "Skelton not involved in said email" to the second time entry on December 13.
5. Added "unnecessary" to the two time entries on December 16, the first time entry on December 17.
6. Added "unnecessary" to the first three time entries on January 8, 2025.
7. Added "unnecessary" and "lumped" to the fourth time entry on January 8.
8. Added "unnecessary" and "unrelated to the pr[o]ceeding in question" to the fifth time entry on January 8.
9. Added "unnecessary" to the time entry on January 9.
10. Added "unnecessary" and "excessive" to the first time entry on January 27.
11. Added "unnecessary" to the third time entry on January 27.
12. Added "unnecessary" and "excessive" to the first time entry on January 28.
13. Added "unnecessary" to the third time entry on January 28.
14. Added "unnecessary" to the two time entries on February 20.

The inclusion of these new objections without leave of this Court clearly violated the Court's order on June 3, 2025.[41] Accordingly, the Court sustains Earthman's evidentiary objections as it pertains to Baker's objections not previously included in the Original Exhibits. Thus, only the

---

[36] *Id.*
[37] ECF No. 213.
[38] *See Leal v. Woodley & McGillivary*, No. H-08-cv-3452, 2009 U.S. Dist. LEXIS 126698, at *3 (S.D. Tex. Aug. 31, 2009) ("Defendants move to strike Plaintiffs' Reply because it was untimely filed and because it relies on documentary evidence that Plaintiffs did not include in their previous Response to Defendants' Motion to Dismiss or their Motion to Reconsider. Because it is this Court's practice to resolve issues on the merits, Defendants' Motion to Strike will be denied.").
[39] ECF No. 213.
[40] *Id.*
[41] June 3, 2025 Min Entry.

portion of the Amended Exhibit that that does not contain new objections is admitted into evidence.[42]

### B. Whether Baker acted unreasonably

Baker asserts that none of his actions taken in this matter were unreasonable and therefore, Earthman is not entitled to the fees and costs in her Fee Application.[43] The Court already imposed sanctions against Baker pursuant to BLR 2004-1(g) in its Sanctions Order after it provided Baker with an opportunity to show cause as to why he should not be sanctioned.[44] The Court thus finds it appropriate to overrule Baker's objection to the imposition of sanctions and now turns to the issue of whether the fees and costs in the Fee Application were reasonable and necessary.[45]

### C. Method for calculating attorney fees

The Fifth Circuit has adopted the lodestar method for determining the reasonable amount of attorney's fees.[46] The lodestar amount is calculated by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work.[47] There is a strong presumption of the reasonableness of the lodestar amount.[48] However, after calculating the lodestar amount, the Court has discretion to adjust the fee upwards or downwards based on relevant

---

[42] *See Randle v. Tregre*, 147 F. Supp. 3d 581, 597 (E.D. La. 2015) (admitting only part of a document into evidence).

[43] ECF No. 200 at 1–3.

[44] *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 380 (5th Cir. 2008) ("When Plaintiffs filed their objection to those fees-and-costs filings, the only true outstanding issue was the amount of the sanctions, not whether they should be imposed. The district court had already ruled, *sua sponte*, that they would be imposed.").

[45] *Mann Bracken, LLP v. Powers* (*In re Powers*), 421 B.R. 326, 336-37 (Bankr. W.D. Tex. 2009).

[46] *Trevino v. U.S. Bank Trust, N.A.* (*In re Trevino*), 509 (Bankr. S.D. Tex. 2021) (citing *Transamerican Nat. Gas Corp. v. Zapata P'ship* (*In re Fender*), 12 F.3d 480, 487 (5th Cir. 1994)).

[47] *In re Trevino*, 633 B.R. at 509.

[48] *In re HL Builders, LLC*, 630 B.R. 32, 43 (Bankr. S.D. Tex. 2020) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010)).

factors outlined in *Johnson v. Georgia Highway Express, Inc*,[49] but only for factors not already subsumed within the lodestar calculation.[50] The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.[51]

Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skills, the party seeking reduction of the lodestar amount bears the burden of showing that a reduction is warranted.[52]

A Fee Application must be sufficiently detailed to allow the Court to make an independent evaluation of whether the hours claimed are justified.[53] The application does not, however, need to "detail the exact number of minutes spent nor the precise activity to which these hours are devoted."[54] The Court must also "'establish a causal link' between the sanctionable conduct and the opposing party's attorney's fees through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct.[55] The party requesting attorney fees "bears the burden of establishing entitlement to an award and

---

[49] 488 F.2d 714 (5th Cir. 1974).
[50] *In re Trevino*, 648 B.R. at 864 ("The four *Johnson* factors already reflected in the lodestar calculation are: (2) the novelty and complexity of the issues; (3) the special skill and experience of counsel; (8) the results obtained from the litigation; and (9) the quality of the representation.").
[51] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).
[52] *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933.
[53] *Matter of Lawler*, 807 F.2d 1207, 1212 (5th Cir. 1987).
[54] *Id.*
[55] *Lopez v. Portfolio Recovery Assocs., LLC* (*In re Lopez*), 576 B.R. 84, 103 (Bankr. S.D. Tex. 2017) (Rodriguez, J.).

documenting the appropriate hours expended and hourly rates."[56] The Court may reduce the amount of fees requested if the documentation is vague or incomplete.[57]

**D.  Reasonableness of the hourly rates charged**

A reasonable hourly rate is based on the prevailing market rates in the community where the trial court sits.[58] The applicant must prove that the rates sought are in accordance with the prevailing community rates for similar services by reasonably comparable attorneys.[59] A district court may not rely on its own experience in the relevant legal market to set a reasonable hourly billing rate.[60]

Beck Redden LLP billed Earthman for time spent on this matter at a discounted rate of $550 per hour for Beeson's time and $410 per hour for McClellan's time.[61] Beeson testified as to her familiarity with the billing rates and practices for attorneys in and around the Houston area and as a more general matter, she is familiar with the normal and customary charges for attorney's fees in actions similar to this case by attorneys of comparable expertise and experience.[62] The rate Skelton charged in the Fee Application is $650/hour.[63] Skelton has been concentrated on bankruptcy and creditors rights since the early 1980's.[64] He testified that he is familiar with the billing rates and practices for attorneys in and around the Houston area and as a more general matter, he is familiar with the normal and customary charges for attorneys' fees in actions similar to this case by attorneys of comparable expertise and experience, and the rate is usual in Houston,

---

[56] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).
[57] *Id.*
[58] *Id.* at 865.
[59] *Id.* at 866.
[60] *Id.*
[61] ECF No. 209-1.
[62] June 2, 2025 Courtroom Hearing.
[63] ECF No. 209-2.
[64] ECF No. 194-2 at ¶2.

Texas.[65] Baker did not object to any of the rates charged by Earthman's attorneys. Accordingly, this Court finds that the hourly rates charged to Earthman by Beeson, Skelton, and McClellan are reasonable.

### E. Reasonableness of billed hours

The Court must next determine the number of hours reasonably expanded. Baker objected to the requested fees on the grounds that (1) Baker was not involved in this matter after January 28, 2025 and therefore, he should not be responsible for the fees incurred thereafter; and (2) the hours spent by Earthman's attorneys were unnecessary or duplicative and the time entries either too vague or lumped for the Court to determine their reasonableness.[66]

### 1. Fees incurred after January 28, 2025

Baker objects to every time entry on or after January 28, 2025 on the grounds that he was purportedly "not involved" in this case after that date since Alice Whiting ("*Whiting*") obtained new counsel who filed a notice of appearance on her behalf on January 28, 2025.[67] The Court's award of attorney's fees "is limited to the fees the innocent party incurred solely because of the misconduct, or to the fees that party would not have incurred but for the bad faith."[68] Sanctions to reimburse legal fees "must be compensatory rather than punitive in nature."[69] Accordingly, this Court, in awarding sanctions to reimburse legal fees, must "'establish a causal link' between the sanctionable conduct and the opposing party's attorney's fees through a 'but-for test.'"[70] Therefore, the determination of an attorney's fees award does not turn on whether Baker was formally an attorney of record in this case, but rather on whether a causal link can be established.

---

[65] *Id.* at ¶2-3; June 2, 2025 Courtroom Hearing.
[66] ECF No. 200.
[67] ECF Nos. 200; 213.
[68] *In re Lopez*, 576 B.R. at 93 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017).
[69] *Id.*
[70] *In re Lopez*, 576 B.R. at 93; *In re Trevino*, 648 B.R. at 906.

Here, Earthman filed her Motion to Compel requesting the Court to (1) impose sanctions on Baker by awarding Earthman the attorney's fees she incurred in pursuing the Motion to Compel and (2) impose any other sanction that the Court may deem appropriate for Whiting's and Baker's unreasonable resistance to Rule 2004 discovery.[71] The Court granted the Motion to Compel in the portion concerning sanctions against Baker, confirming his misconduct in this case.[72] Specifically, on October 29, 2024, Earthman's counsel sent two emails to Baker inquiring whether he represented Whiting.[73] Baker responded only to the second email, stating that a draft Rule 2004 notice could be directed to him, despite not actually representing Whiting at the time.[74] Relying on that misrepresentation, Earthman filed and served the Rule 2004 notice on Baker as Whiting's counsel.[75]

Baker never objected to the manner of service or gave any indication that he lacked authority to accept it.[76] Instead, he discussed Whiting's availability to testify, produced documents, submitted objections on her behalf, and even appeared in court representing her.[77] As a result, Whiting failed to timely produce the required documents.[78] This caused Earthman's counsel to prosecute its Motion to Compel against Whiting and Baker for their opposition to discovery.[79] It was only after the Court granted the Motion to Compel that it came to light that Baker did not have authority to represent Whiting.[80] The Court thus vacated its January 24, 2025 order granting the Motion to Compel, which forced Earthman to relitigate the Motion to Compel against Baker.[81]

---

[71] ECF No. 108.
[72] ECF No. 190.
[73] ECF No. 187-3.
[74] ECF No. 187-3.
[75] ECF No. 187-9.
[76] ECF Nos. 187-4, 187-6, 187-15.
[77] ECF Nos. 187-4, 187-6, 187-15,
[78] *See* Feb. 24, 2025 Courtroom Hearing.
[79] ECF No. 108,
[80] ECF No. 133; Feb. 24, 2025 Min. Entry.
[81] ECF No. 163.

Had Baker not misrepresented his authority and resisted discovery, Earthman would not have had to oppose the Motion to Reconsider, revisit the Motion to Compel, or otherwise spend as much time obtaining Rule 2004 discovery. Therefore, the "but-for" test is satisfied, and this Court finds that Baker is subject to paying fees incurred after January 28, 2025.

### 2.  Baker's objections based on vague, lumped, duplicative or unnecessary time entries

Although Baker objects to many of the time billed as not necessary, duplicative or unreasonable, the objections are largely conclusory and fail to satisfy the standards required for meaningful judicial review. Under well-established Fifth Circuit precedent, "[t]he party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted."[82] Courts are not required to "venture guesses nor undertake extensive investigation to justify a fee for an attorney who has not done so himself."[83] Conclusory objections unsupported by citation, analysis, or evidence are insufficient to rebut the presumption of reasonableness afforded to adequately supported fee applications.[84]

Baker's objections, which are limited to shorthand descriptors such as "vague," "lumped," "duplicative," or "unnecessary", do not identify the factual or legal basis for challenging specific time entries.[85] He has not explained why the entries fail to meet reasonableness standards, or conducted any comparative analysis of time entries, billing patterns, or underlying tasks.[86] This type of objection has been consistently rejected by courts within this circuit.[87] As the Fifth Circuit

---

[82] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Velazquez*, 502 B.R. 604, 622 (Bankr. S.D. Tex. 2013) (objecting party bears burden of showing that a reduction is warranted).
[83]  *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016) ("[I]t is not the court's duty to parse fee records unassisted or to guess at what work is compensable.").
[84] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (generalized objections without supporting detail are insufficient to support a reduction).
[85] ECF No. 200.
[86] *See* ECF No. 200.
[87] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 385 (5th Cir. 2011) (objections must be "specific and reasonably precise" to merit a fee reduction).

explained, "[a] party objecting to the fee application must lodge specific objections to the requested fees. The court cannot simply cut off hours without a clear and specific explanation."[88] Moreover, objections that fail to address the context, necessity, or outcome of the legal services rendered do not assist the Court in evaluating the actual reasonableness of the time expended.[89]

Nonetheless, even where objections are procedurally or substantively deficient, bankruptcy courts bear an independent obligation to review fee applications for reasonableness.[90] Therefore, regardless of the quality of Baker's objections, this Court undertakes an independent analysis of the Fee Application under the lodestar framework and applicable law to ensure that all awarded fees reflect work that was reasonably and necessarily incurred.

### a.  Lumped or vague time entries

Time entries must be sufficiently detailed to permit review of the necessity, reasonableness, and compensability of the legal services rendered.[91] The Fifth Circuit disfavors "lumped" or "block-billed" entries, those that combine multiple tasks into a single time entry without allocating time to each discrete activity, because they prevent courts from evaluating whether each individual service was necessary and compensable.[92] Likewise, vague entries such as "work on motion" or "email re: case" fail to meet the required standard and may be excluded.[93]

Courts in this district have consistently reduced or denied compensation where billing records obscure the nature of the services rendered.[94] The Court has disallowed entries that failed

---

[88] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[89] *In re Velazquez*, 502 B.R. 604, 622 (Bankr. S.D. Tex. 2013) (""[a] court is not required to piece together vague objections to determine the intent of the objector or the basis of the dispute."").

[90] *In re WNS, Inc*., 150 B.R. 663, 664 (Bankr. S.D. Tex. 1993) ("Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and it has the duty to independently examine the reasonableness of the fees.").

[91] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re King*, 546 B.R. 682, 689 (Bankr. S.D. Tex. 2016).

[92] *In re Digerati Techs., Inc.*, 537 B.R. 317, 335–36 (Bankr. S.D. Tex. 2015).

[93] *In re Office Prods. of Am., Inc.*, 136 B.R. 964, 970 (Bankr. W.D. Tex. 1992); *In re King*, 546 B.R. at 690.

[94] *In re Amigo Pat Tex., LLC*, 579 B.R. 779, 785 (Bankr. S.D. Tex. 2017).

to specify how much time was spent on each task, noting that such entries undermine the Court's ability to conduct a reasoned lodestar analysis.[95] Fee applicants are expected to maintain contemporaneous, itemized daily entries identifying the activity performed, the date, the time spent, and the attorney responsible.[96] The absence of such specificity justifies reduction.

Courts in the Fifth Circuit have consistently applied percentage-based reductions to attorney fee applications that contain lumped or vague entries, recognizing that such billing practices impede meaningful judicial review.[97]

Here, the Court, after carefully reviewing the time entries, pleadings in the record, evidence in the record and the arguments of the parties, has identified multiple entries that combine distinct legal tasks without allocating time to each task, or describe work in vague and general terms. For example, entries dated November 20, 2024, December 13, 2024, and March 24, 2025 include broad phrases such as "draft motion," "review objections," or "conference regarding same," without indicating how much time was spent on each component.[98] These practices prevent the Court from assessing whether the individual services were necessary and compensable.[99] Thus, the Court finds that a 20% reduction for such deficient time entries is warranted.[100] The total deduction based on lumped and vague time entries is $3,840.00. The specific entries and adjustments are reflected in Table 4 below.

| Table 4: Reductions for Lumped/Vague Time Entries | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Billing Person | Total Amount Requested | Total Hours Requested | Hours Disallowed | Amount Disallowed | Amount Allowed | Category |
| 11/20/2024 | APB | $2,200.00 | 4.00 | 0.80 | $440.00 | $1,760.00 | Lumped/Vague |

---

[95] *In re Digerati Techs., Inc.*, 537 B.R. at 335–36.
[96] 3 Collier on Bankruptcy ¶ 330.03[2][a] (16th ed.); *see also* § 10.10, *Applying for Compensation by Estate Professionals*.
[97] *Lopez v. Portfolio Recovery Assocs., LLC (In re Lopez)*, 576 B.R. 84, 101–02 (Bankr. S.D. Tex. 2017); *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 517 B.R. 724, 736 (Bankr. S.D. Tex. 2014).
[98] *See, e.g.*, *In re Digerati Techs., Inc.*, 537 B.R. at 333–34 (reducing fees for aggregated and vague billing entries).
[99] *Id.* at 334 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).
[100] *Rodriguez*, 517 B.R. at 736; *Lopez*, 576 B.R. at 102.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/13/2024 | MJM | $902.00 | 2.20 | 0.44 | $180.40 | $721.60 | Lumped/Vague |
| 01/08/2024 | APB | $715.00 | 1.30 | 0.26 | $143.00 | $572.00 | Lumped/Vague |
| 02/06/2024 | APB | $1,705.00 | 3.10 | 0.62 | $341.00 | $1,364.00 | Lumped/Vague |
| 02/22/2024 | APB | $1,155.00 | 2.10 | 0.42 | $231.00 | $924.00 | Lumped/Vague |
| 02/23/2024 | APB | $990.00 | 1.80 | 0.36 | $198.00 | $792.00 | Lumped/Vague |
| 02/24/2024 | APB | $1,375.00 | 2.50 | 0.50 | $275.00 | $1,100.00 | Lumped/Vague |
| 02/27/2024 | MJM | $779.00 | 1.90 | 0.38 | $155.80 | $623.20 | Lumped/Vague |
| 03/03/2024 | APB | $550.00 | 1.00 | 0.20 | $110.00 | $440.00 | Lumped/Vague |
| 03/11/2024 | APB | $2,640.00 | 4.80 | 0.96 | $528.00 | $2,112.00 | Lumped/Vague |
| 03/18/2024 | APB | $770.00 | 1.40 | 0.28 | $154.00 | $616.00 | Lumped/Vague |
| 03/24/2024 | APB | $1,155.00 | 2.10 | 0.42 | $231.00 | $577.50 | Lumped/Vague |
| 03/24/2024 | MJM | $1,886.00 | 4.60 | 0.92 | $377.20 | $1,508.80 | Lumped/Vague |
| 03/27/2024 | MJM | $2,378.00 | 5.80 | 1.16 | $475.60 | $1,902.40 | Lumped/Vague |
| **Totals** | | **$19,200.00** | **38.6** | **7.72** | **$3,840.00** | **$15,360.00** | |

**b. Excessive time entries**

When evaluating the reasonableness of attorney's fees, courts applying the lodestar method must exclude any time that is "excessive, duplicative, or inadequately documented."[101] Time is considered excessive if it is disproportionate to the task, given the complexity of the issue, the skill required, or the result achieved.[102] Courts are not bound to accept the hours billed at face value and are empowered to reduce compensation where the time charged far exceeds what a reasonable attorney would expend on the same task.[103]

The Fifth Circuit has upheld reductions in fees where attorneys spent an unreasonable number of hours on a relatively straightforward case, noting that "counsel are not entitled to be paid for their inefficiencies."[104] Excessive hours, particularly where disproportionate to the litigation task, must be removed from the lodestar calculation.[105] This Court has reviewed Earthman's Fee Application and identified several entries that, on their face, reflect excessive billing relative to the nature of the task described. These include instances where attorneys billed

---

[101] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).
[102] *Davis v. Credit Bureau of the South*, 908 F.3d 972, 976–77 (5th Cir. 2018).
[103] *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016).
[104] *Davis*, 908 F.3d at 977.
[105] *Portillo v. Cunningham*, 872 F.3d 728, 741–42 (5th Cir. 2017).

disproportionately for routine communications, minor revisions, or internal reviews that should have required significantly less time.[106] For example:[107]

a. On March 7, 2025, 2.3 hours were billed for revising a single filing, an amount of time disproportionate to the complexity of the task.

b. On March 24, 2025, 2.1 hours were billed for time already reduced due to lumping and vagueness, further justifying an excessiveness reduction.

c. On March 17, 2025, nearly five hours were billed for general preparation and review activities, with insufficient explanation of why this task required substantial attorney effort.

Accordingly, the Court finds that a 30% reduction to each of the excessive entries is warranted.[108] This results in a total deduction of $2,616.00 for excessive billing across the Fee Application. The specific entries and adjustments are reflected in Table 5 below.

| Table 5: Reductions for Excessive Time Entries | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Billing Person | Total Amount Requested | Total Hours Requested | Hours Disallowed | Amount Disallowed | Amount Allowed | Category |
| 12/17/2024 | BBS | $325.00 | 0.50 | 0.15 | $97.50 | $227.50 | Excessive |
| 01/09/2024 | APB | $220.00 | 0.40 | 0.12 | $66.00 | $154.00 | Excessive |
| 01/27/2024 | BBS | $260.00 | 0.40 | 0.12 | $78.00 | $130.00 | Excessive |
| 01/28/2024 | APB | $1,155.00 | 2.10 | 0.63 | $346.50 | $808.50 | Excessive |
| 03/06/2024 | APB | $165.00 | 0.30 | 0.09 | $49.50 | $115.50 | Excessive |
| 03/07/2024 | APB | $880.00 | 1.60 | 0.48 | $264.00 | $616.00 | Excessive |
| 03/07/2024 | MJM | $943.00 | 2.30 | 0.69 | $282.90 | $660.10 | Excessive |
| 03/12/2024 | APB | $385.00 | 0.90 | 0.27 | $115.50 | $269.50 | Excessive |
| 03/17/2024 | MJM | $2,009.00 | 4.90 | 1.47 | $602.70 | $1,406.30 | Excessive |
| 03/18/2024 | MJM | $123.00 | 0.65 | 0.20 | $36.90 | $86.10 | Excessive |
| 03/24/2024 | APB | $1,155.00 | 2.10 | 0.63 | $346.50 | $808.50 | Excessive |
| 03/26/2024 | APB | $1,100.00 | 2.00 | 0.60 | $330.00 | $770.00 | Excessive |
| **Totals** | | **$8,720.00** | **18.15** | **5.45** | **$2,616.00** | **$6,104.00** | |

---

[106] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Davis v. Credit Bureau of the South*, 908 F.3d 972, 977 (5th Cir. 2018).
[107] ECF No. 209-1; 209-2.
[108] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006); *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016).

In summary, a reduction of $3,840.00 was applied for vague or lumped time entries.[109]

Additionally, a $2,616.00 reduction was applied for entries deemed excessive. [110] These reductions

total $6,456.00 and are summarized in table 6 below.

| Table 6: Summary of Fee Reductions | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Billing Person | Total Amount Requested | Total Hours Requested | Hours Disallowed | Amount Disallowed | Amount Allowed | Category |
| 11/20/2024 | APB | $2,200.00 | 4.00 | 0.80 | $440.00 | $1,760.00 | Lumped/Vague |
| 12/13/2024 | MJM | $902.00 | 2.20 | 0.44 | $180.40 | $721.60 | Lumped/Vague |
| 12/17/2024 | BBS | $325.00 | 0.50 | 0.15 | $97.50 | $227.50 | Excessive |
| 01/08/2024 | APB | $715.00 | 1.30 | 0.26 | $143.00 | $572.00 | Lumped/Vague |
| 01/09/2024 | APB | $220.00 | 0.40 | 0.12 | $66.00 | $154.00 | Excessive |
| 01/27/2024 | BBS | $260.00 | 0.40 | 0.12 | $78.00 | $182.00 | Excessive |
| 01/28/2024 | APB | $1,155.00 | 2.10 | 0.63 | $346.50 | $808.50 | Excessive |
| 02/06/2024 | APB | $1,705.00 | 3.10 | 0.62 | $341.00 | $1,364.00 | Lumped/Vague |
| 02/22/2024 | APB | $1,155.00 | 2.10 | 0.42 | $231.00 | $924.00 | Lumped/Vague |
| 02/23/2024 | APB | $990.00 | 1.80 | 0.36 | $198.00 | $792.00 | Lumped/Vague |
| 02/24/2024 | APB | $1,375.00 | 2.50 | 0.50 | $275.00 | $1,100.00 | Lumped/Vague |
| 02/27/2024 | MJM | $779.00 | 1.90 | 0.38 | $155.80 | $623.20 | Lumped/Vague |
| 03/03/2024 | APB | $550.00 | 1.00 | 0.20 | $110.00 | $440.00 | Lumped/Vague |
| 03/06/2024 | APB | $165.00 | 0.30 | 0.09 | $49.50 | $115.50 | Excessive |
| 03/07/2024 | APB | $880.00 | 1.60 | 0.48 | $264.00 | $616.00 | Excessive |
| 03/07/2024 | MJM | $943.00 | 2.30 | 0.69 | $282.90 | $660.10 | Excessive |
| 03/11/2024 | APB | $2,640.00 | 4.80 | 0.96 | $528.00 | $2,112.00 | Lumped/Vague |
| 03/12/2024 | APB | $385.00 | 0.90 | 0.27 | $115.50 | $269.50 | Excessive |
| 03/17/2024 | MJM | $2,009.00 | 4.90 | 1.47 | $602.70 | $1,406.30 | Excessive |
| 03/18/2024 | APB | $770.00 | 1.40 | 0.28 | $154.00 | $616.00 | Lumped/Vague |
| 03/18/2024 | MJM | $123.00 | 0.65 | 0.20 | $36.90 | $86.10 | Excessive |
| 03/24/2024 | APB | $1,155.00 | 2.10 | 1.05 | $577.50 | $577.50 | Lumped/Vague & Excessive |
| 03/24/2024 | MJM | $1,886.00 | 4.60 | 0.92 | $377.20 | $1,508.80 | Lumped/Vague |
| 03/26/2024 | APB | $1,100.00 | 2.00 | 0.60 | $330.00 | $770.00 | Excessive |
| 03/27/2024 | MJM | $2,378.00 | 5.80 | 1.16 | $475.60 | $1,902.40 | Lumped/Vague |
| Totals | | $26,765.00 | 54.65 | 13.17 | $6,456.00 | $20,309.00 | |

Accordingly, the Court disallows $6,456.00 of the $59,401.35 in requested attorney's fees,

and thus awards $52,945.35 in fees, plus $1,397.40 in costs, for a total award of $54,342.75.

---

[109] *See supra* Part III.E.2.a.
[110] *See supra* Part III.E.2.b.

### IV.     Conclusion

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.


SIGNED July 9, 2025


Eduardo V. Rodriguez
Chief United States Bankruptcy Judge